UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PREMERA BLUE CROSS, a Washington non-profit corporation,<br><br>                Plaintiff,<br><br>    v.<br><br>MARY WINZ, TRACIE LESAN, JOYCE ARLENE NELSON (f/n/a JOYCE ARLENE LESAN,<br><br>                Defendants. | CASE NO. 2:17-cv-695-BAT<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR INTERPLEADER, INJUNCTION, AND DISMISSAL OF PLAINTIFF PREMERA BLUE CROSS** |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Premera Blue Cross ("Premera") filed this interpleader action against Defendants Mary Winz, Tracie Lesan, and Joyce Arlene Nelson (formerly known as Joyce Arlene Lesan). Dkt. 1. On July 26, 2017, Mary Winz and Tracie Lesan filed their answer to the Complaint. Dkt. 18. Joyce Nelson has not answered the Complaint.

Presently before the Court is Premera's motion for interpleader, injunction, and dismissal pursuant to Fed R. Civ. P. 22. Dkt. 19. Premera asks the Court to hold that (1) interpleader is proper in this case, (2) Premera is dismissed from this action subject only to its agreement to make payment to the proper payee(s) as directed by the Court in its final judgment, and (3) defendant-claimants are enjoined from prosecuting any other claims against Premera relating to

Gerald Lesan's benefits under the Premera 401(k) Savings Plan and the Premera Pension Equity Plan. *Id.* Defendants did not file a response to Premera's motion.

The Court concludes the requirements for interpleader under Rule 22 are satisfied. The Court has subject matter jurisdiction over this action as it presents a federal question, Premera has a good faith belief that there are competing claims to the stake, and Premera is a disinterested stakeholder.

## II. BACKGROUND

### A. Interpleader Complaint

Premera filed the complaint herein on May 3, 2017. Dkt. 1. Premera alleged that it is in possession of potentially disputed funds owed to the beneficiaries of Gerald Lesan ("Gerald"), a participant in two plans offered by Premera to its employees and governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). The first is the Premera 401(k) Savings Plan (the "401(k) Plan"), and the second is the Premera Pension Equity Plan (the "PEP," and together with the 401(k) Plan, the "Plans"). *Id.* ¶¶ 1, 12. Premera joined Mary Winz ("Mary"), Tracie Lesan ("Tracie"), and Joyce Nelson ("Joyce") as potential beneficiaries under the Plans. *Id.* ¶ 25.

Premera's Complaint alleged that Gerald initially designated Joyce, his spouse, as the primary beneficiary of his benefits under both Plans, and Mary as the secondary beneficiary of his benefits under both Plans. *Id.* ¶ 13. Premera alleged that Gerald and Joyce divorced effective December 12, 2016, and Gerald's designation of Joyce as the beneficiary of his benefits under both Plans was automatically revoked under the terms of the Plans as a result of the divorce. *Id.* However, a qualified domestic relations order ("QDRO") was entered that entitled Joyce to 50%

of Gerald's benefits under the 401(k) Plan, which has been distributed to Joyce.  Premera alleged that on December 16, 2016, Gerald designated his sister Tracie as the primary beneficiary of his PEP benefits.  *Id.* ¶ 17.

Gerald died on December 31, 2016.  As a result of Gerald's death, his PEP and 401(k) Plan benefits became payable.  Premera sought approval from all beneficiaries of the following distribution of Gerald's remaining benefits under the Plans:

(1)    Premera proposed that the portion of Gerald's 401(k) Plan benefits not subject to the QDRO be paid to Mary, because she is listed as the secondary beneficiary on Gerald's 401(k) Plan beneficiary designation form dated March 13, 2003, and became the primary beneficiary under the terms and provisions of the 401(k) Plan when Gerald and Joyce's marriage was dissolved on December 12, 2016.  *Id.* ¶ 22(a).

(2)    Premera proposed that 100% of Gerald's PEP benefits be distributed to Tracie, because she is listed as the primary beneficiary on Gerald's PEP beneficiary designation form dated December 16, 2016.  *Id.* ¶ 22(b).

Premera alleges that fewer than all defendants consented to Premera's proposal with respect to the distribution of Gerald's PEP and 401(k) Plan benefits.  *Id.* ¶ 23.  This proceeding followed.

**B.    Dispute as to Proper Recipients Under the Plans**

After filing its Complaint, Premera's counsel inquired with counsel for the potential beneficiaries to determine if a dispute as to the proper recipients of Gerald's benefits under the Plans exists.  Dkt. 20, Declaration of Peter A. Talevich ("Talevich Decl."), ¶ 2.  The parties have indicated in their Joint Status Report ("JSR") in this case that there is such a dispute.  Dkt. 16. Joyce contended that the PEP benefits were an undisclosed asset in the proceeding related to her divorce from Gerald, and that she intended to seek relief in that proceeding.  *Id.*  Premera's counsel has provided the defendants with the beneficiary designations, the official plan

documents for the Plans, and statements of Gerald's benefits under the Plans. *Id.* On July 26, 2017, Mary and Tracie filed their answer to the Complaint. Dkt. 18. Joyce has not answered the Complaint.

On October 11, 2017, Joyce filed a Motion to Divide Undisclosed Property and for Other Relief in the Snohomish County Superior Court, Case No. 15-3-00665-9. Dkt. 20, Talevich Decl., Ex. A. The motion seeks to distribute Gerald's remaining benefits under the Plans to Joyce, either in her own right or as trustee for her children. *Id.* On October 12, 2017, the court ordered a show cause hearing for October 27, 2017. *Id.*, Ex. B. Premera responded to Joyce's motion on October 23, 2017. While it took no position on the proper disposition of Gerald's benefits under the Plans, Premera informed the state superior court that ERISA governs the Plans and contains anti-assignment provisions which generally prohibit the Plans from assigning benefits to anyone other than participants and their beneficiaries. *Id.*, Ex. C. Premera further informed the state superior court that an exception to ERISA's anti-assignment provisions existed for a QDRO, as set forth at 29 U.S.C. § 1056(d). *Id.* Premera requested that if the court enters an order assigning any portion of Gerald's benefits under the Plans for the benefit of anyone other than Gerald's beneficiaries under the Plans, the order make clear that such an assignment will only be made upon the assignee's presentation of an order that is in form and substance a QDRO. *Id.*

On October 26, 2017, Joyce's counsel notified the parties that he was striking the motion and would re-note the motion for hearing in the near future. *Id.*, Ex. D. As of the filing of this motion, Joyce's counsel has not re-noted the Snohomish County motion for hearing. *Id.* ¶ 7.

**DISCUSSION**

**A.    Rule 22 Interpleader**

The primary purpose of interpleader actions is to protect disinterested stakeholders from multiple liability and the expense of several lawsuits. *See Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1034 (9th Cir. 2000).  Thus, the stakeholder is permitted to bring a lawsuit against all parties asserting adverse or conflicting claims to the same funds and require those parties to litigate who is entitled to the funds.  *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1265 (9th Cir. 1992).  "Once the adverse parties are interpleaded to a single fund, disinterested stakeholders may be dismissed, and courts may issue injunctions to protect stakeholders from duplicative litigation from the adverse parties."  *N.Y. Life Ins. Co. v. Bostwick*, No. 3:14-cv-05931-RJB, 2015 WL 4484305, at *2 (W.D. Wash. July 22, 2015).

An interpleader action may be brought either under 28 U.S.C. § 1335 or Rule 22.  *See, e.g.*, *Morongo Band of Mission Indians v. Calif. State Bd. of Equalization*, 858 F.2d 1376, 1381-82 (9th Cir. 1988).  If brought under Rule 22, the stakeholder must establish that there is an independent basis for federal jurisdiction.  *Id.* at 1382; *Gelfgren v. Republic Nat'l Life Ins. Co.*, 680 F.2d 79, 81 (9th Cir. 1982) ("jurisdiction in interpleader under rule 22(1) can be based on a claim arising under federal question jurisdiction").  If the interpleader action is brought under Rule 22, the Court may dismiss the stakeholder subject to disposition of the property in the manner directed by the court.  *Gelfgren*, 680 F.2d at 81, 82.

Interpleader is proper when a stakeholder has at least a good faith belief that there are present or prospective colorable competing claims to the stake.  *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 884, 899 (9th Cir. 2012); *N.Y. Life Ins. Co. v. Powell*, No. 12-cv-5184-

RBL, 2012 WL 4868008, at *2 (W.D. Wash. Oct. 12, 2012).

Interpleader is proper in this case under Rule 22. First, this Court has subject matter jurisdiction because the case arises under a federal statute, ERISA. 28 U.S.C. § 1331; *Gelfgren*, 680 F.2d at 81. All parties acknowledge that the Plans are governed by ERISA and no party disputes subject matter jurisdiction. Dkt. 16, at 1-2. Second, there is evidence to support Premera's good faith belief that there are or may be competing claims to Gerald's benefits under the Plans. Mary and Tracie's answer alleges they are entitled to all of Gerald's benefits under the Plans, except for the portion that has already been paid to Joyce pursuant to the QDRO. Dkt. 18, ¶ 25. Joyce filed a motion in another court seeking to obtain all of Gerald's remaining benefits under the Plans for either herself or her children. Dkt. 20, Talevich Decl., Ex. B.

Thirdly, Premera, as a disinterested party willing to pay the funds to a proper legal beneficiary, should not be exposed to multiple liability or be required to monitor proceedings in other courts to determine the proper beneficiaries of Gerald's benefits under the Plans. *See John Hancock Mut. Life Ins. Co. v. Kraft*, 200 F.2d 952, 953-54 (2d Cir. 1953) ("The stakeholder should not be obliged at its peril to determine which of two claimants has the better claim.").

Based on the foregoing, the Court concludes that all of the requirements of Rule 22 interpleader are met.

**B.    Dismissal and Payment of Benefits**

While depositing funds in the registry is common, it is not required in a Rule 22 interpleader action. *Gelfgren*, 680 F.2d at 82 ("a deposit is not a jurisdictional requirement to rule 22(1) interpleader . . . and thus was not required here"); *Wilmington Trust Co. v. Gillespie*, 397 F. Supp. 1337, 1340 (D. Del. 1975). Courts, in their discretion, have found it preferable to

direct the stakeholder to retain possession of the fund, subject to the court's final order. *See Wilmington Trust*, 397 F. Supp. at 1340 (requiring plaintiff to retain possession of the fund, segregate it, and hold it subject to the court's order); *Lazar v. Charles Schwab & Co., Inc.*, SA CV 12-02141 BRO (ANx), 2014 WL 12547256, at *6 (C.D. Cal. Mar. 17, 2014) (deposit not required for dismissal where plaintiff agreed to abide by court's ruling and distribute benefits upon court's determination of proper beneficiary); *United States v. Coumantaros*, 146 F. Supp. 51, 53 (S.D.N.Y. 1956) (same).

Premera contends, and the Court agrees, that it is preferable in this case that Gerald's benefits remain in the Plans. The benefits have remained in the Plans since Gerald's death, removal of the benefits from the Plans could create a taxable event that the proper beneficiaries could otherwise avoid by making certain elections, and Premera may ensure the safety of the disputed funds subject to this Court's final judgment. *See, e.g.*, *Wilmington Trust*, 397 F. Supp. at 1340 (finding bank particularly suited to retaining funds).

Accordingly, the Court will dismiss Premera from this action subject to its agreement to pay the funds to the recipients as ordered by this Court.

**C.      Injunction**

The Court has the authority to enjoin defendants from pursuing further action against an interpleader plaintiff in a Rule 22 interpleader action. *Primerica Life Ins. Co. v. Grim*, No. 09-cv-0108-RAJ, 2009 WL 3297481, at *5 (W.D. Wash. Oct. 13, 2009) (enjoining defendants from pursuing further claims regarding policy proceeds against plaintiff in interpleader action). A court's decision to enjoin defendants in a Rule 22 interpleader action is governed by equitable considerations. *Id*. (citing *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1033–34 (9th Cir.

1   2000) (observing that interpleader developed in equity and is governed by equitable principles)).

2       A request for injunctive relief may be granted where other pending or threatened

3   proceedings endanger the potential effectiveness of the interpleader suit or the enforceability of

4   its judgment. *Id.* (*citing United States v. Major Oil Corp.*, 583 F.2d 1152, 1158 (10th Cir.

5   1978)).  Additionally, enjoining defendants from pursuing further action further serves the

6   purpose of interpleader, which is to "protect a disinterested stakeholder from multiple liability

7   and the expense of multiple litigation." *Grim*, 2009 WL 329748, at *3.

8       The Court finds it appropriate to enjoin Defendants from instituting further proceedings

9   against Premera or its agents with regard to the 401(k) Plan and PEP benefits as any additional

10  litigation that may be filed regarding Gerald's benefits under the Plans will subject Premera to

11  the possibility of multiple liability.

## CONCLUSION

13      Based on the foregoing, the Court **ORDERS**:

14      1)      Premera's motion for interpleader, injunctive relief, and dismissal (Dkt. 19) is

15  **GRANTED**.  Defendants Mary Winz, Tracie Lesan, and Joyce Nelson are required to interplead

16  under Federal Rule of Civil Procedure 22, and Premera is **DISMISSED** from this action subject

17  to its obligation to pay the proceeds of the Plans as directed by order of the Court.

18      2)      Premera or its administrator shall maintain Gerald Lesan's remaining benefits

19  under the Premera 401(k) Savings Plan and the Premera Pension Equity Plan (collectively, the

20  "Plans") in the Plans, subject to an order of the Court to direct the payment of these funds.

21      3)      Defendants Mary Winz, Tracie Lesan, and Joyce Nelson are enjoined from

22  bringing any claims against Premera or its agents regarding the Premera 401(k) Savings Plan and

23

the Premera Pension Equity Plan.

4)      The Clerk shall send a copy of this Order to counsel for the parties.

DATED this 18th day of December, 2017.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge