The Honorable Brian A. Tsuchida

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Premera Blue Cross,<br>A Washington non-profit corporation,<br>　　　　　　　　　　　　　Plaintiff,<br>v.<br>Mary Winz, et al.,<br>　　　　　　　　　　　　　Defendants. | NO. 2:17-CV-00695-BAT<br><br>**DECLARATION OF LARA DETHLEFS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT** |

　　　　Comes now attorney Lara Dethlefs and states as follows: that I am over the age of 18 and am competent to make this declaration, and that I make this declaration based upon my personal knowledge.

　　　　I am an attorney licensed in the State of Washington and represented Joyce Lesan (nka Nelson) in the dissolution of her marriage from Gerald Lesan in Snohomish County Superior Court Cause No. 15-3-00665-9. During the course of this representation, I submitted *Interrogatories and Requests for Production* to the husband, Gerald Lesan, through his then counsel. A copy of the relevant pages of those discovery requests is appended hereto.

　　　　In the responses to those requests, signed by his counsel and Gerald Lesan, he was asked if he had "any interest of any kind in any retirement or pension fund". While he answered "yes" in response, he then revealed only the existence of a Vanguard 401(K) fund with a balance of $180,000. Gerald Lesan signed "under penalty of perjury" that his "answers to the interrogatories and responses to requests for discovery are true, correct and complete."

**DECLARATION OF LARA DETHLEFS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**　Page 1
(NO. 2:17-CV-00695-BAT)
GGG\18996\0001\00965938.v1

ANDERSON HUNTER LAW FIRM, P.S.
2707 Colby Avenue, Ste. 1001
Everett, Washington 98201
Telephone 425-252-5161

My client had expressed no personal knowledge of any employment related benefits, including pensions, deferred compensation plan, etc. derived by her husband through his employment. After his death, she found out that he had lied and intentionally omitted revealing he also had a Pension Equity Plan (or "PEP") with Premera, his employer. The value of this undisclosed asset is approximately $125,000.

Under Washington law, it is clear that an asset that is hidden or not disclosed prior to the entry of a final divorce order or decree may be later divided by motion or partition action.

Had I been aware at all that the PEP asset existed at the time we negotiated and finalized the divorce by agreement, I would most certainly have advised my client to claim, at a minimum, 50% of the PEP plan. It was only because it was not revealed to my client or myself that we did not specifically include the asset in the 50/50 division of other assets and allowed generic language to be included awarding to each of us our employment benefits "except as otherwise listed".

DATED this 8th day of April, 2018.

By _____
Lara M. Dethlefs, WSBA No. 28224

DECLARATION OF LARA DETHLEFS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT    Page 2
(NO. 2:17-CV-00695-BAT)
GGG\18996\0001\00965936.v1

ANDERSON HUNTER LAW FIRM, P.S.
2707 Colby Avenue, Ste. 1001
Everett, Washington 98201
Telephone 425-252-5161

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on the 9th day of April, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel on record in the matter and via email to the following:

/s/ _____
Teresa Epley

K&L Gates LLP
Robert B. Mitchell, WSBA No. 10874
Peter A. Talevich, WSBA No. 42644
925 Fourth Avenue, Suite 2900
Seattle, WA 98104
Telephone: (206) 623-7580
Facsimile: (206) 623-7022
Robert.mitchell@klgates.com
Peter.talevich@klgates.com
Attorneys for Plaintiff Premera Blue Cross

Ryan Swanson Cleveland
Hans Juhl, WSBA No. 33116
Peter A. Talevich, WSBA No. 42644
1201 Third Ave., Suite 3400
Seattle, WA 98104
Telephone: (206) 654-2203
Facsimile: (206) 652-2903
juhl@ryanlaw.com
Attorney for Tracie Lesan and Mary Winz

DECLARATION OF LARA DETHLEFS IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT    Page 3
(NO. 2:17-CV-00695-BAT)
GGG\18996\0001\00965938.v1

ANDERSON HUNTER LAW FIRM, P.S.
2707 Colby Avenue, Ste. 1001
Everett, Washington 98201
Telephone 425-252-5161

# SUPERIOR COURT OF WASHINGTON
# COUNTY OF SNOHOMISH

| | |
|---|---|
| In re the Marriage of:<br><br>JOYCE ARLENE LESAN,<br><br>          Petitioner,<br>and<br><br>GERALD JAMES LESAN,<br><br>          Respondent. | NO. 15-3-00665-9<br><br>PETITIONER'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO RESPONDENT<br><br>AND RESPONDENT'S ANSWERS AND RESPONSES THERETO |

TO:      Gerald James Lesan, Respondent;
AND TO:  Mary Joyce McCallum and Karen C. Skantze, Attorneys for Respondent.

## DEFINITIONS AND PROCEDURES

A.   <u>Procedure for Interrogatories.</u>

Pursuant to Rule 33, Civil Rules for Superior Court, State of Washington, please answer each of the following interrogatories, separately and fully, in writing, under oath. The answers are to be signed by the party to whom they are addressed and must be served within thirty (30) days after service of the interrogatories.

If you object to an interrogatory, state the objection and the basis for the objection and answer the interrogatory to the extent you have no objection.

If you cannot answer any interrogatory fully and completely after exercising due diligence to make inquiry and secure the information to do so, please so state and answer each interrogatory to the extent possible. Specify that portion of each interrogatory you claim you are unable to answer fully and completely, and further specify the facts on which you rely to support your contention that you are unable to answer each such interrogatory fully and completely.

PETITIONER'S FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION TO RESPONDENT- Page 1 of 1

DETHLEFS SPARWASSER,
REICH, DICKERSON & KEY PLLC
100 Second Ave. South, Suite 190
Edmonds, WA 98020
(425) 776-1352
FAX: (425) 776-2467

State what knowledge, information or belief you have concerning the unanswered portion of any such interrogatory, and state fully, completely and in detail the acts done and inquiries made by you to show that you have exercised due diligence to make inquiry and secure the information necessary to answer that interrogatory.

If the space allocated for the answer is not sufficient, please attach another sheet, properly identified with the number of the interrogatory being answered.

These interrogatories are continuing in nature and in the event you discover further information that is responsive to the interrogatories, you are to supplement the answers by supplemental answers to the interrogatories within a reasonable time after you discover the information. If any information is not furnished, any such excluded information will be objected to if introduced as evidence at time of trial or a motion for continuance will be made in order to investigate such matter, together with a request for appropriate terms.

These interrogatories call for all information (including information contained in or on writings, computer files, recordings, photographs or any other tangible thing or material) that is known or available to you, including all information in the possession of your officers, employees, agents, attorneys, accountants, auditors or other professional persons or experts and any investigators or any person acting in your behalf or under your or your attorney's employment, direction and/or control.

B.  Procedure for Requests for Production.

Pursuant to Rule 34, Civil Rules for Superior Court, State of Washington, you are to produce any and all documents requested herein, and those documents referred to in your answers to interrogatories, within thirty (30) days in the law offices of DETHLEFS SPARWASSER REICH DICKERSON & KEY PLLC, 100 Second Avenue S., Suite 190, Edmonds, WA, 98020, for purposes of inspection and copying, or in lieu thereof, to produce all requested documents referred to in your answers to interrogatories by means of mailing or delivering true and legible copies of such documents to the said law offices of DETHLEFS SPARWASSER REICH DICKERSON & KEY PLLC within thirty (30) days following the date of service of this request.

If you object to a request for production, describe each such document or item with sufficient particularity to allow future identification of the document or item and state the objection and the basis for the objection and respond to the request to the extent you have no objection. If objection is made to a part of an item or category, that particular part shall be specified in the objection.

If you cannot fully and completely respond to a request for production after exercising due diligence to make inquiry and secure the information to do so, please so state and respond to each request to the extent possible. Specify that portion of each request for production you claim you are unable to answer fully and completely, and further specify the facts on which you rely to support your contention that you are unable to respond to each such request fully and completely. State fully, completely and in detail the acts done and inquiries made by you to show that you have exercised due diligence to secure the information necessary to respond to such request for production.

C.  Definitions.

1)  "You" By use of the pronoun "you" it is intended that the answers are to include

PETITIONER'S FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION TO RESPONDENT- Page 2 of 2

DETHLEFS SPARWASSER,
REICH, DICKERSON & KEY PLLC
100 Second Ave. South, Suite 190
Edmonds, WA 98020
(425) 776-1352
FAX: (425) 776-2467

all information that is known or available to you (including information contained in or on writings, recordings, photographs or any other tangible thing or material), either in your possession or in the possession of your officers, employees, agents, attorneys, accountants, auditors or other professional persons or experts and any investigators or any person acting in your behalf or under you or your attorney's employment, direction and/or control.

2) "Person" The term "person" is meant to include any individual and any organization.

3) "Document" As used herein, the word "document" shall mean the original and any copy, regardless of origin or location, of any book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, handwritten note, map, drawing, working paper, chart, paper, graph, index, tape, data sheet or data processing card or any other written, recorded, transcribed, punched, taped, filmed or graphic matter, however produced or reproduced, to which you have or have had access.

4) "Identify" or "Identity"

    a. Person. As used herein, "identify" or "identity" used in reference to an individual person means to state his full name and his present or last known address, his present or last known position or business affiliation, his position and business affiliation at the time in question and his present or last known telephone number.

    b. Document. "Identify," when applied to a document shall mean to state a brief description of the contents of the document, the authors and addresses, and the date and present location of such a document.

    c. Meeting or Conversation. "Identify," when used in reference to a meeting or conversation, means to state the identity of all of the persons who were present and/or participated in the meeting or conversation, the date on which the meeting or conversation occurred, the place at which the meeting or conversation occurred, and if any record, memorandum or other writing of the meeting or conversation was made, to identify said record, memorandum or other writing.

5) "Date of Separation" As used herein, the term "date of separation" shall mean the date on which the parties separated with the expectation of living apart permanently. In the event such date is in dispute, use the date asserted by the party opposing you, not the date asserted by you. In the event no such date has been agreed to or asserted by the opposing party, use the date on which the Petition in this matter were first served upon you or your attorney.

6) "Child(ren)" As used herein, the term "child(ren)" shall mean all children of the two parties jointly, whether natural or adopted, and all children of either party individually, whether natural or adopted.

7) "Opposing party" As used herein, the words "opposing party" shall mean the party identified in the caption of this document who is opposing you. That is, if you are the petitioner, "opposing party" means the respondent and if you are the respondent, "opposing party" means the petitioner.

PETITIONER'S FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION TO RESPONDENT- Page 3 of 3

DETHLEFS SPARWASSER,
REICH, DICKERSON & KEY PLLC
100 Second Ave. South, Suite 190
Edmonds, WA 98020
(425) 776-1352
FAX: (425) 776-2467

```
 1
 2      DATED this ____ day of March, 2016.
 3
                                  DETHLEFS SPARWASSER REICH DICKERSON & KEY,
 4                                PLLC
 5
 6                                By_____
                                      LARA M. DETHLEFS, WSBA #28224
 7                                    Attorneys for Petitioner
 8
...
25  PETITIONER'S FIRST SET OF INTERROGATORIES           DETHLEFS SPARWASSER,
    AND REQUESTS FOR PRODUCTION TO RESPONDENT- Page 4   REICH, DICKERSON & KEY PLLC
    of 4                                                100 Second Ave. South, Suite 190
                                                        Edmonds, WA 98020
                                                        (425) 776-1352
                                                        FAX: (425) 776-2467
```

RESPONSE: None other than what Petitioner has obtained through her subpoena to my former employer.

INTERROGATORY NO. 23:

Do you have an interest of any kind in any retirement or pension fund?

ANSWER: Yes.

Yes X    No _____ If so, for each such fund state:

a. Name or description of fund: Vanguard 401k

b. Name and address of the custodian of fund:

Vanguard

c. Name of the employer contributing to the fund:

Premera Blue Cross

d. Total amount of your contributions to the fund to date:

Unknown, see statements provided

e. Total amount of employer contributions to date:

Unknown, see statements provided

f. Present balance of your interest in the fund:

Approx. $180,000.00

g. Date you are entitled to receive retirement or pension benefits:

EARLY RETIREMENT: Unknown at this time

NORMAL RETIREMENT: Unknown at this time

h. Amount of benefits receivable per month on retirement:

PETITIONER'S FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION TO RESPONDENT- Page 17 of 17

DETHLEFS SPARWASSER,
REICH, DICKERSON & KEY PLLC
100 Second Ave. South, Suite 190
Edmonds, WA 98020
(425) 776-1352
FAX: (425) 776-2467

|   |   |   |
|---|---|---|
| | EARLY RETIREMENT: | Unknown at this time |
| | NORMAL RETIREMENT: | Unknown at this time |

    i.    Amount of funds available to you and method of obtaining them without retirement:  N/A

## REQUEST FOR PRODUCTION NO. 6:

Please produce copies of all retirement plans, pension plans, profit sharing plans, annuities, and the like, together with financial summaries thereof, either owned by you or relating to your employment.

RESPONSE: See Vanguard 401k statements previously submitted under seal.

## REQUEST FOR PRODUCTION NO. 7:

Please produce all notices, statements, pamphlets, brochures or other documents relating to or which would determine your future or present interest in and to pension and retirement rights.

RESPONSE: See response to RFP No. 6.

## INTERROGATORY NO. 24:

Do you receive an expense account for car, gas, food, or per diem?

ANSWER: N/A

Yes _____ No _____ If so, give average amount for last five (5) years on a monthly basis, stating type of expense paid for:

    a.    Car: _____

PETITIONER'S FIRST SET OF INTERROGATORIES
AND REQUESTS FOR PRODUCTION TO RESPONDENT- Page 18 of 18

DETHLEFS SPARWASSER,
REICH, DICKERSON & KEY PLLC
100 Second Ave. South, Suite 190
Edmonds, WA 98020
(425) 776-1352
FAX: (425) 776-2467

**REQUEST FOR PRODUCTION NO. 24:**

Please produce a copy of all reports, statements, recordings, and memoranda identified in your answer to the preceding Interrogatory

OBJECTION: Attorney-client work product and therefore privileged.

*Mary Joyce McCallum*
Mary Joyce McCallum, WSBA #47926
Attorney for Respondent

**REQUEST FOR PRODUCTION NO. 25:**

Please produce copies of all documents and other things which you may offer as evidence at trial.

RESPONSE: Unknown at this time; may be supplemented prior to trial.

### CERTIFICATE OF FORWARDING

The foregoing Interrogatories and Request for Production are dated and forwarded by mail or messenger on this ____ day of ~~March~~ April 2016.

_____
Denise Moss

### CERTIFICATIONS

I declare under penalty of perjury under the laws of the State of Washington that 1) I am the individual to whom these interrogatories are addressed, 2) I have read the foregoing

PETITIONER'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO RESPONDENT- Page 41 of 41

DETHLEFS SPARWASSER, REICH, DICKERSON & KEY PLLC
100 Second Ave. South, Suite 190
Edmonds, WA 98020
(425) 776-1352
FAX: (425) 776-2467

## CERTIFICATIONS

I declare under penalty of perjury under the laws of the State of Washington that 1) I am the individual to whom these interrogatories are addressed, 2) I have read the foregoing answers to the interrogatories and know the contents thereof and 3) the foregoing answers to the interrogatories and responses to requests for production of documents are true, correct and complete.

DATED this __1__ day of __April__, 2016, at __Port Townsend__, Washington.
                                                 (City)

_____
Gerald James Lesan, Respondent

As Petitioner Pro Se, I hereby certify that I have read the foregoing Answers to Interrogatories and Responses to Request for Production, that they are in compliance with CR 26(g)(1, 2 & 3) and that the original of the Answers to Interrogatories and Responses to Request for Production have been forwarded by mail or messenger on the date stated below to Lara Dethlefs, Dethlefs Sparwasser Reich Dickerson & Key, 100 Second Avenue S., Suite 190, Edmonds, Washington, 98020.

DATED this ____ day of _____, 2016, at _____, Washington.
                                              (City)

_____
Gerald James Lesan, Respondent Pro Se

PETITIONER'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO RESPONDENT - Page 41 of 44

DETHLEFS SPARWASSER,
REICH, DICKERSON & KEY PLLC
100 Second Ave. South, Suite 190
Edmonds, WA 98020
(425) 776-1352
FAX: (425) 776-2467