The Honorable Brian A. Tsuchida

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PREMERA BLUE CROSS,<br><br>            Plaintiff,<br><br>    v.<br><br>MARY WINZ, TRACIE LESAN, JOYCE ARLENE NELSON (f/k/a JOYCE ARLENE LESAN),<br><br>            Defendants. | NO. CV17-00695-BAT<br><br>**REPLY TO REPONSE AND OBJECTION TO MOTION FOR SUMMARY JUDGMENT**<br><br>**NOTE ON MOTION CALENDAR: April 13, 2018**<br><br>**ORAL ARGUMENT REQUESTED** |

**INTRODUCTION**

The matter before the Court is an interpleader action, brought before the United States District Court principally because the dispute is governed by federal law, the Employee Retirement Income Security Act of 1974 ("ERISA") and the Retirement Equity Act of 1984 (the "REA"). This is a dispute about whether ERISA and the REA preempt state law. This is not a dissolution action, partition action, or discovery dispute. There is no way for Joyce Nelson ("Nelson") to avoid the supremacy of ERISA and her attempts to distract the Court from the relevant issues by injecting her concluded divorce into the federal court should be rejected. Defendants Mary Winz ("Winz") and Tracie Lesan ("Lesan") should be awarded summary

REPLY TO REPONSE AND OBJECTION TO MOTION FOR SUMMARY JUDGMENT - 1
No. 17-00695-BAT
1673872.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

judgment, and Nelson's cross claim should be dismissed with prejudice.

## NELSON MAKES NO ARGUMENT REGARDING THE 401(k) SAVINGS PLAN

There are two accounts at issue in this matter – Gerald Lesan's Premera Pension Equity Plan (the "PEP"), and his Premera 401(k) Savings Plan (the "401(k)").  At the outset of this Reply, the Court should take note that there is nothing in Nelson's *Memorandum in Response and Opposition to Motion for Summary Judgment* that addresses Winz's request that the Court affirm her right to be distributed the remaining balance of the 401(k).  *See* Dkt. 31.  The fact is that there has never been a basis for Nelson to resist the distribution of what remains of the 401(k) account to her aged former mother-in-law.  Nelson received half of that account already, via a qualified domestic relations order ("QDRO"), and her failure to cooperate in the distribution of the other half was never made because of a good faith belief that she was entitled to it.

Irrespective of how the Court views the PEP, the 401(k) no longer appears to be in dispute, and the Court should enter an order granting Winz's and Lesan's request that that account be distributed to Winz according to the beneficiary designation applicable to that plan.

## WHETHER THE PEP WAS DISCLOSED OR NOT IS IMMATERIAL

Nelson is correct that a disputed fact precludes summary judgment.  Both FRCP 56 and the relevant precedential authority make it clear, however, that a disputed fact is only an impediment to summary judgment if such disputed fact is "material."  "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact… Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary

REPLY TO REPONSE AND OBJECTION TO MOTION
FOR SUMMARY JUDGMENT - 2
No. 17-00695-BAT
1673872.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

judgment. Factual disputes that are irrelevant or unnecessary will not be counted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

In this case, the solitary disputed fact championed by Nelson is her assertion that Gerald Lesan intentionally deceived her, her counsel, and the state court, as to the existence of the PEP when submitting answers to written discovery in the action to dissolve his marriage to Nelson. *See* Dkt. 31, p.1, ll. 21-24. However, because the PEP is an ERISA-governed account, it can only be divided according to federal law. The Washington law principals that prescribe the division of an undisclosed asset in a partition action do not apply to ERISA-governed accounts and therefore, whether the account was disclosed or not, and whether or not a failure to disclose the account was intentional is irrelevant. In other words, the only fact that Nelson disputes, is not material, and does not preclude summary judgment.

First, it is not disputed that the PEP is governed by ERISA. In fact, this was admitted by Lesan in her answer to the complaint filed by Premera herein. Dkt. 25, ¶ 1. Indeed, the PEP itself provides that, "It is mandated that the Plan meet all applicable requirements of…ERISA…." *See* Declaration of Robert Moe, Exhibit A, p. 88.

Second, ERISA-governed plans generally, and the PEP specifically may only be alienated or assigned pursuant to federal statute. *See* 29 U.S.C. § 1056; *See also* Declaration of Robert Moe, Exhibit A, page 72. Nelson does not argue that she is entitled to a portion of the PEP pursuant to federal statute or a QDRO, nor a DRO as that term is defined. Nelson is not trying to enforce a past due support obligation, which is specifically allowed. Rather, Nelson's assertion is that, if the PEP was community property that was intentionally undisclosed, pursuant to Washington law, she and Gerald Lesan owned it, post-dissolution, as tenants in common and that she is therefore entitled to its partition in another separate action brought in

REPLY TO REPONSE AND OBJECTION TO MOTION
FOR SUMMARY JUDGMENT - 3
No. 17-00695-BAT
1673872.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

state court. *See Devine v. Devine*, 42 Wn. App. 740, 743, 711 P.2d 1035 (1985) (The adjudication of rights in property not disposed of in a dissolution decree requires an independent action for partition).

Third, with certain exceptions, ERISA explicitly preempts state law, including state law which would otherwise apply to its division. *See* 29 U.S.C. § 1144(a) (ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA). The Supreme Court has held, conclusively, that this exemption applies to requests similar to that made of the Court by Nelson. *See Egelhoff v. Egelhoff ex. rel. Breiner*, 532 U.S. 141, 141, 121 S. Ct. 1322, 1324, 149 L. Ed. 2d 264 (2001) (state law revoking a beneficiary request upon the dissolution of the participant's marriage is preempted by ERISA). This Court should similarly hold that the Washington law applicable to the partition of assets allegedly undisclosed in a dissolution is preempted by ERISA. *See also Boggs v. Boggs*, 520 U.S. 833, 117 S. Ct. 1754, 138 L. Ed. 2d 45 (1997) (ERISA preempted application of Louisiana's community property laws which would have allowed first wife to make testamentary transfer of her interest in survivor's annuity).

In sum, the PEP is an ERISA-governed asset. The outcome of a partition action would be the same as the inevitable outcome of this action. The PEP is not subject to division in a partition action so, the question of whether or not it is an undisclosed asset is immaterial and does not preclude this Court from finding that Lesan and Winz are entitled to summary judgment.

**THERE IS NO SPOLIATION ALLEGED IN THE COMPLAINT OR CROSS CLAIM**

Nelson's cross claim alleges that Gerald Lesan intentionally failed to disclose the existence of the PEP. Dkt. 25, p. 4, ll. 8-10. Spoliation is defined in the United States Second

REPLY TO REPONSE AND OBJECTION TO MOTION
FOR SUMMARY JUDGMENT - 4
No. 17-00695-BAT
1673872.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

Circuit Court of Appeals case cited by Nelson: "We have defined spoliation as 'the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.'"  *See* Dkt. 31, p. 5, ll. 7-9, citing *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 76, 779 (2d Cir. 1999).  There is no authority, binding on this Court or otherwise, which supports Nelson's unsupported assertion that the "intentional withholding of evidence" is tantamount to the "destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence…" *Id.*  There is, therefore, no reason to consider whether "spoliation" is a basis to reject Lesan's and Winz's request for summary judgment.

For the reasons set forth above, whether or not the PEP was intentionally omitted when Gerald Lesan responded to Nelson's written discovery requests, or whether it was an oversight, the PEP is not subject to division in a partition action.  This issue would not change, even if the PEP documents were destroyed or significantly altered.  However, there is no allegation that that was the case.  Spoliation is not an issue which this Court should find precludes summary judgment.

**THE *IBM SAV. PLAN V. PRICE* AND *IN RE GRANT* DECISIONS DO NOT APPLY.**

The Court should not give any persuasive weight to the holding of the United States District Court for the District of Vermont in *IBM Sav. Plan v. Price*.  In that case, the court evidently examined whether a lower court's order dividing a Tax Deferred Savings Plan met the definition of a QDRO.  Without explaining how, Nelson asserts that the reasoning underlying this holding is somehow applicable to the case before this Court.  In that case, however, the court simply examined whether or not an order dividing an ERISA-regulated plan which was not called a QDRO should be treated as a QDRO when it was called something else.

REPLY TO REPONSE AND OBJECTION TO MOTION
FOR SUMMARY JUDGMENT - 5
No. 17-00695-BAT
1673872.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

The Court found that the "TDSP Order" met the statutory requirements of a QDRO and rejected the argument that an otherwise qualifying QDRO could not be entered following the death of the participant. *IBM Sav. Plan v. Price*, 349 F. Supp. 2d 854, 858 (D. Vt. 2004).

In this case, the issue is not whether Nelson presented Premera with an order, after Gerald Lesan's death, entitling her to a portion of the PEP which met the statutory requirements of a QDRO. The issue is whether a Washington Court can ignore ERISA and divide the PEP based on the common law tenancy in common principals relied upon in Washington in a partition action brought by Nelson after Gerald Lesan's death. Even if Nelson had commenced a partition action since discovering the pension, which she has not, the answer to that question is certainly "no." There is no support, binding on this Court or otherwise, for the proposition that a former spouse can create an obligation on the basis of state court principles, in litigation commenced posthumously against a participant, after the commencement of an action by the plan administrator, and then enforce that obligation against the plan in federal court.

*In re Grant* is similarly inapplicable. In that case, the state court was asked to partition a Washington State Public Employees Retirement System ("PERS") pension plan that had allegedly not been divided in the parties' dissolution action. *In re Grant*, 199 Wn. App. 119, 122, 397 P.3d 912, 913 (2017). PERS plans are not ERISA-governed plans, but are, instead governed by state law. RCW 41.50, et seq. None of the authority cited by Nelson is binding on this Court and it should all be rejected as unpersuasive.

## CONCLUSION

This is a case which should be decided on summary judgment. The PEP can only be divided by a QDRO. Nelson does not have a QDRO awarding her an interest in the PEP. The PEP should be distributed according to its beneficiary designation, just as Nelson apparently

REPLY TO REPONSE AND OBJECTION TO MOTION
FOR SUMMARY JUDGMENT - 6
No. 17-00695-BAT
1673872.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359

agrees that the 401(k) should. Lesan's and Winz's Motion for Summary Judgment should be granted. Defendants Winz and Lesan request that the Court enter judgment declaring the interpleaded funds to be distributed pursuant to the beneficiary requests in effect upon the death of Gerald Lesan, and that Nelson's cross claims be dismissed.

DATED this 12th day of April, 2018.

By /s/ Hans P. Juhl

Hans P. Juhl, WSBA #33116
RYAN, SWANSON & CLEVELAND, PLLC
1201 Third Avenue, Suite 3400
Seattle, Washington 98101-3034
Telephone: (206) 464-4224
Facsimile: (206) 583-0359
Email: juhl@ryanlaw.com
Attorneys for Defendants Mary Winz
and Tracie Lesan

REPLY TO REPONSE AND OBJECTION TO MOTION
FOR SUMMARY JUDGMENT - 7

No. 17-00695-BAT
1673872.01

Ryan, Swanson & Cleveland, PLLC
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3034
206.464.4224 | Fax 206.583.0359